JUSTO CHALEMÁN, ETC., Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, Respondent.

No. 1033. Argued May 3, 1935.—Decided May 3, 1935.

*Luis Ríos Algarín* for petitioner.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the court.

Justo Chalemán, represented by his guardian, Francisco Díaz, has applied to this court for a writ of certiorari to review a decision rendered by the Hon. L. Samalea Iglesias, Judge of the District Court of Bayamón, sustaining a demurrer for want of jurisdiction in a suit brought in the Municipal Court of Vega Baja.

It is alleged in the petition that the petitioner instituted in the said municipal court an action of debt against Zenón Concepción and Gregorio Meléndez, upon a certain bond signed by the defendants in favor of his ward, to answer for the acts of the original guardian, Juan Chalemán. It is also alleged that the sum of $500, together with costs and attorney's fees, was claimed in the complaint. The court of first instance rendered judgment adjudging the defendants to pay *in solido* to the ward, the sum of $500 and costs.

After an appeal had been taken from that judgment to the district court, the latter court decided, at the instance of the defendants, that the municipal court lacked jurisdiction to take cognizance of the action, basing its decison on the case of *Smallwood Bros.* v. *Fernández et al.*, 40 P.R.R. 658.

In the case cited, suit was brought in a municipal court to recover upon a promissory note the sum of $405.24, with

interest thereon and a certain sum for attorney's fees in accordance with a stipulation contained in this note. The district court on appeal sustained a demurrer to the complaint for want of jurisdiction in the district court. This court, in referring to the stipulated fees, said that such a prayer when contained in a complaint filed in a municipal court, should be construed as a request for the allowance of a fee which, when added to the principal, plus the interest and costs, will not exceed the jurisdictional amount. The judgment of the district court was reversed.

As may be seen, the decision of this court in *Smallwood Bros.* v. *Fernández, et al., supra,* referred to fees agreed upon by the parties. In the instant case the petition is not as clear as is to be desired. It is alleged that attorney's fees were claimed in the complaint, but we do not know whether these fees were requested because they were agreed upon or simply because the plaintiff believed that, in the absence of an agreement, they could be granted by the municipal court. If there was a stipulation, it may be that the district court was right in deciding that the court of first instance did not have jurisdiction to take cognizance of the action. If there was none, the words "attorney's fees" must have been considered as surplusage, as something superfluous, since a municipal court has no authority to grant such fees unless they have been stipulated by the parties. Section 327 of the Code of Civil Procedure, as amended by Act No. 38, April 12, 1917 (Session Laws, Vol. I, p. 206); *Amy* v. *Aponte et al.,* 31 P.R.R. 60; *Carminely* v. *Truyol,* 45 P.R.R. 281.

As to costs, we do not believe that the claim therefor deprives the municipal court of jurisdiction. The sum of $500, which is the principal sum claimed, is what must be taken into account in determining the jurisdiction of the said court. Costs, which are accessory and the granting of which depends on the court, must not be considered as forming a part of the principal sum in fixing the amount in controversy and determining jurisdiction.

In view of the want of clearness observed in the petition, and no step having been taken to give the lower court an opportunity to reconsider its decision, said petition must be denied for the present.